No. 68139.—Hostachem Corporation v. United States, protest 60/3228 (New York).

RAO, Judge: The collector of customs at the port of New York invoked the similitude provisions of paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, to classify an importation of polyvinyl chloride film, invoiced as Genotherm UG, of certain specifications, as manufactures of cotton, not specially provided for, and, accordingly, to assess duty thereon at the rate of 20 per centum ad valorem, pursuant to the provisions of paragraph 923 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by T.D. 53877.

While plaintiff assigns various reasons for protesting the action taken by the collector, the claim finally relied upon is that said merchandise is dutiable by similitude to crepe paper, at the rate of 2.5 cents per pound and 6½ per centum ad valorem, as provided in paragraph 1404 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Since plaintiff's alternative claims have not been vigorously pressed, they are hereby overruled.

The portions of the Tariff Act of 1930, as modified and amended, which are herein pertinent, provide as follows:

Paragraph 1559(a), as amended, *supra:*

Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Paragraph 923, as modified, *supra:*

All manufacturers, wholly or in chief value of cotton, not specially provided for:

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other (except * * *) _____ 20% ad val.

Paragraph 1404, as modified, *supra:*

Crepe paper, commonly or commercially so known, including paper creped or partly creped in any manner, valued over 12½ cents per pound__ 2.5¢ per lb. and 6½% ad val.

At the trial, plaintiff introduced into evidence the deposition of Dr. Hans Rubenbauer, production manager of the manufacturer and exporter of the subject merchandise, which deposition was taken pursuant to a duly issued commission. Since, however, Dr. Rubenbauer's testimony relates to manufacturing procedures and costs, which have no relevance to the issues here posed, no useful purpose is served in setting forth the substance of his deposition.

It was plaintiff's witness, David S. Greenfield, sales manager of the firm, whose testimony was addressed to the nature and use of the instant material. This witness has been engaged, since 1955, in handling and selling the products of the exporter, and its predecessor, which consist of films, in a generic sense, made of polyvinyl chloride, polyethylene, and nylon. He described the instant mer-

chandise, a sample of which is in evidence as plaintiff's exhibit 4, as basically composed of polyvinyl chloride, which was created to serve as a release material with pressure sensitive and other adhesive substances and has been embossed or creped for the purpose of obtaining a very low surface contact. He has seen, from samples, how this material is used in Europe and is also aware of how his customers use it in the United States. It is always used as a release material.

Mr. Greenfield identified plaintiff's exhibit 5 as a roll of double-face pressure sensitive adhesive between the layers of which crepe film, such as is here involved, has been inserted as both a separating and release material. He stated that when the adhesive is used, the film is stripped off and discarded. This application, as in exhibit 5, is the principal use of the imported film, and, at the present time, such film is sold only to the Technical Tape Corp., the manufacturer of plaintiff's exhibit 5. However, in the past, it has been sold to a few other customers.

Mr. Greenfield further testified that he has also seen silicon-coated paper and crepe papers used for the same purpose as this polyvinyl chloride film, but not any cotton articles. His customer, the Technical Tape Corp., had previously used a crepe paper and made the change to plaintiff's creped Genotherm, when it was suggested that it might be superior for that company's use. It was the opinion of the witness that his crepe Genotherm was preferred over silicon-coated crepe paper, because it had proven less costly.

It seems clear, from the foregoing review of the record in this case, that plaintiff has affirmatively established, at least *prima facie*, through the uncontradicted testimony of the witness Greenfield, that a similarity of use exists between crepe paper and the subject merchandise, as release materials in the manufacture of pressure sensitive adhesive substances. Whether such similarity is legally sufficient to establish similitude within the contemplation of paragraph 1559(a), *supra*, is the question which must be determined.

Counsel for plaintiff relies upon the record and, in particular, the statement of the witness to the effect that "a cotton article is not used in the manner that Exhibit 4 is used, such as in the production of tapes as Exhibit 5," to urge that the collector's classification by similitude to manufactures of cotton has been negatived. Counsel for defendant contends, however, that the presumption of correctness of the collector's decision has not been overcome, for the reason that plaintiff has failed to establish "that polyvinyl chloride film of the specifications of the merchandise in issue is not used in the United States in a manner in which a cotton article was or is used."

We are inclined to agree with counsel for defendant in this respect. It must be remembered that the collector is presumed to have found the existence of every fact necessary to sustain his classification (*United States v. Lilly & Co. and Parke, Davis & Co.*, 14 Ct. Cust. Appls. 332, T.D. 41970; *United States v. I. Magnin & Co., Inc.*, 21 CCPA 77, T.D. 46394). So far as the instant case is concerned, this necessarily entails that he has found that polyvinyl chloride film most resembles a cotton article in the use to which it is applied.

To prevail in this case, it was incumbent upon plaintiff, in addition to establishing, affirmatively, similitude to crepe paper, to negative similarity in use to cotton articles.

Giving to the evidence, which was not controverted, the broadest implications possible, it does not seem to show more than that the merchandise imported by the plaintiff is used in the same manner as crepe paper, as a release material for adhesive substances, and that no cotton article is used for this purpose. It fails to establish either that the importer's product was a unique item, in which case there would be no other use for it than as explained by the witness, or that other polyvinyl chloride film, embossed or creped, was also

limited in use as a release material in competition with or supplanting crepe paper. Indeed, the record is silent in respect to how other film of the same character is, or has been, used.

In view of the failure of proof of the use of polyvinyl chloride film generally, we are constrained to hold that the presumption of correctness of the collector's classification of the instant merchandise by similitude to cotton articles within the purview of paragraph 923, as modified, *supra*, has not been overcome.

All claims in the instant protest are, therefore, overruled.

Judgment will be entered accordingly.